J-S33045-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYHEEM MELTON | : | |
| | : | |
| Appellant | : | No. 3391 EDA 2019 |

Appeal from the Judgment of Sentence Entered November 23, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006840-2015

BEFORE:   DUBOW, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED AUGUST 03, 2020**

Appellant Tyheem Melton appeals *nunc pro tunc* from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County on November 23, 2016.  Appellant's counsel also has filed both a petition for leave to withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  Following our review, we remand with instructions and deny counsel's petition to withdraw.

The trial court set forth the procedural history and relevant facts herein as follows:

> On November 23, 2016, [Appellant] pled *nolo contendere* to
> two counts of murder in the third degree (18 Pa.C.S. § 2502(c))

---

[*] Former Justice specially assigned to the Superior Court.

and one count of possession of a firearm by prohibited person (18 Pa.C.S. 6105).[1] The plea was entered pursuant to a plea agreement that provided that the [c]ourt's aggregate sentence would be no lower than 20 to 40 years['] incarceration, but did not otherwise specify the sentence.[2] On that same day, the [c]ourt sentenced [Appellant] to two concurrent terms of 20 to 40 years['] incarceration for each murder charge and a consecutive term of 5 to 10 years incarceration for possession of a firearm, for an aggregate sentence of 25 to 50 years['] incarceration. [Appellant] was represented by Francis Carmen, Esquire, for his *nolo contendere* plea and sentencing. No post-sentence motions were filed and no direct appeal was taken.

On November 21, 2017, [Appellant] filed a timely *pro se* petition under the Post Conviction Relief Act ("PCRA") seeking reinstatement of his rights to file post-sentence motions and an appeal. Gary S. Server, Esquire was appointed to represent [Appellant] on March 29, 2018. On May 29, 2018, Mr. Server filed an amended PCRA petition ("Amended Petition"). On August 2, 2019, after reviewing the Amended Petition and the Commonwealth's Motion to Dismiss, the [c]ourt denied [Appellant's] claim for reinstatement of his right to file a post-sentence motion, but granted an evidentiary hearing on the claim regarding trial counsel's failure to file a direct appeal. On October 25, 2019, following an evidentiary hearing, the [c]ourt granted [Appellant's] PCRA Petition in part, and reinstated his direct appeal rights.

[Appellant] has now appealed from the judgment entered by the PCRA [c]ourt on the grounds that: -"the PCRA [c]ourt erred when it reinstated [Appellant's] appellate rights nunc pro tunc without also reinstating [Appellant's] Post Sentence Motion right to seek reconsideration of sentence where trial counsel was ineffective for failing to file for reconsideration when the [s]entencing [c]ourt had some discretion as to the length of the sentence and where there was a substantial question as to the sentence because it was unduly harsh and excessive under the circumstances and contrary to the norms underlying the

---

[1] The remaining charges were dropped. **See** Written Nolo Contendere Plea Colloquy at 1.

[2] Specifically, a handwritten notation on the nolo contendere plea colloquy form indicated that Appellant would be sentenced to "no less than 20 year minimum specific min and max to Be set By Judge." **See** Written Nolo Contendere Plea Colloquy at 1.

Sentencing Code." [Appellant's] 1925(b) Statement at ¶1. For the reasons set forth below, [Appellant's] claim is without merit and the judgment of sentence should be affirmed.

## FACTUAL BACKGROUND

The factual basis proffered by the Commonwealth for defendant's *nolo contendere plea* established the following:

Around the time of the two homicides here at issue, [Appellant] frequented the Corral Bar on Market Street in Philadelphia, where he sold drugs from the back of the bar along with three associates. N.T. 11/23/2016 at 14, 19-20. Also selling drugs in that bar was Troy Wimberley, one of the decedents in this case, who did his drug business in the front of the bar. N.T. 11/23/2016 at 20. In the weeks leading up to the homicides, there were several confrontations between [Appellant] and Wimberley, one of which led to Wimberley to swing at [Appellant]. 11/23/2016 at 19-21. There were also several confrontations between Herbie one at [Appellant's] associates, and Wimberley, including one during which Herbie fired a gun at Wimberley, missing him. N. I. 11/23/2016 at 20.

On the evening of April 6, 2012, [Appellant] entered the bar, and during a confrontation with Wimberley, pulled out a handgun and fired at Wimberley multiple times. N.T. 11/12/2016 at 14, 22-23. Several of the bullets struck Wimberley, killing him. N.T. 11/23/2016 at 29. In addition, Crystal Shadding, who had the misfortune of standing behind Wimberley at the time of the attack, was struck by an errant bullet, killing her as well. N.T. 11/23/2016 at 20, 33.

Following the shootings, [Appellant] fled Philadelphia and could not be located by the Fugitive Squad of the Homicide Unit for several years. N.T. 11123/2016 at 30-31. He was found in Tennessee in October of 2014 after being stopped for a traffic violation. *Id*. During that traffic stop, [Appellant] gave several false names. N.T. 11/23/2016 at 31. He was taken into custody and returned to Philadelphia.

[Appellant] has a prior conviction for the crime of aggravated assault from 1995, making, him ineligible to possess a firearm on the day of the murders. N.T. 11/23/2016 at 31-32.

Trial Court Opinion, filed 1/30/10, at 1-3 (footnote omitted).

On November 21, 2019, Appellant filed the instant appeal *nunc pro tunc*.[3] In an Order filed the next day, the trial court directed Appellant to file a concise statement of the matters he intended to raise on appeal pursuant to Pa.R.A.P. 1925(b). On December 9, 2019, Appellant filed his concise statement.

On March 24, 2020, appointed counsel filed a petition seeking to withdraw his representation and an *Anders* brief with this Court. Appellant filed no further submissions thereafter either *pro se* or through privately-retained counsel. Before reviewing the merits of this appeal, we first must determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. *Commonwealth v. Miller*, 715 A.2d 1203, 1207 (Pa.Super. 1998).

To withdraw under *Anders*, court-appointed counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous."

---

[3] The term *nunc pro tunc* means "now for then." *See* Black's Law Dictionary, at 1069, (Sixth Edition 1990). It is "a phrase applied to acts allowed to be done after the time when they should be done, with a retroactive effect, *i.e.,* with the same effect as if regularly done." *Id.* Thus, reinstatement of direct appeal rights *nunc pro tunc* denotes that Appellant now has the same direct appeal rights as he would have had in the beginning.

*Miller*, 715 A.2d at 1207. Second, counsel must file an *Anders* brief, in which he or she:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra*, 978 A.2d at 361. Finally, counsel must furnish a copy of the *Anders* brief to his or her client and advise the client "of [the client's] right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa.Super. 2007).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n. 5; *see also Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa.Super. 2018) (*en banc*) (holding that the *Anders* procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel. ... [T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues

of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them"). It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

Herein, counsel contemporaneously filed his petition to withdraw as counsel and *Anders* brief. His brief and petition substantially comply with the technical requirements of *Anders* and *Santiago*. Moreover, counsel has provided this Court with a copy of the letter he sent to Appellant advising him of his right to retain new counsel, proceed further with his case *pro* se, and raise any points that he deems worthy of this Court's attention. *See Commonwealth v. Millisock*, 873 A.2d 748 (Pa.Super. 2005). Therefore, we must review the entire record and analyze whether this appeal is, in fact, wholly frivolous.

Our review begins with the claims Appellant raises in his *Anders* brief:

THE GLOBAL QUESTION

Whether there is anything in the record that might arguably support the appeal that obviates a conclusion that the appeal is frivolous?

SPECIFIC AREAS OF INQUIRY

Whether the PCRA [c]ourt erred when it reinstated the Appellant's direct appeal rights *nunc pro tunc* without also reinstating the Appellant's right to seek reconsideration of sentence where trial counsel was ineffective for failing to file for reconsideration when the [s]entencing [c]ourt had some discretion as to the length of the sentence and where there was a substantial question as to the sentence because it was unduly harsh and excessive under the

circumstances and contrary to the norms underlying the Sentencing Code?

***Anders*** brief at 6.

At the outset, we recognize that where the PCRA court reinstates direct appeal rights *nunc pro tunc* based on counsel's ineffectiveness, a defendant is not automatically entitled to reinstatement of his post-sentence rights *nunc pro tunc* as well. ***Commonwealth v. Liston***, 602 Pa. 10, 977 A.2d 1089 (2009). Nevertheless, a PCRA court can reinstate a defendant's post-sentence rights *nunc pro tunc* if the defendant successfully pleads and proves he or she had been deprived of the right to file and litigate post-sentence motions as a result of ineffective assistance of counsel. ***Id.*** at 19 n.9, 977 A.2d at 1094 n.9 (noting counsel may be deemed ineffective for failing to file post-sentence motions when claim requires preservation in trial court for purposes of appellate review). ***Compare Commonwealth v. Fransen***, 986 A.2d 154 (Pa.Super. 2009) (holding PCRA petitioner who obtains reinstatement of direct appeal rights *nunc pro tunc* is not entitled to reinstatement of post-sentence rights *nunc pro tunc* unless he requested that relief with PCRA court; appellant's claim that he was entitled to file post-sentence motions and to have benefit of evidentiary hearing warranted no relief where appellant did not plead or prove in PCRA petition that he was deprived of right to file post-sentence motions).

Instantly, in Appellant's *pro se* PCRA petition and counseled amended PCRA petition, Appellant expressly sought reinstatement of his post-sentence motion rights *nunc pro tunc*. Specifically, Appellant argued trial counsel had

been ineffective for failing to present medical evidence procured by the Defender's Association social worker in support of the argument he deserved a fully concurrent sentence. In addition, he claimed counsel ignored his timely requests to file both a petition for reconsideration of sentence and for withdrawal of his guilty plea. *See* Petition Under the Post Conviction Relief Act at 1-2. Although the Commonwealth opposed reinstating Appellant's post-sentence motion rights *nunc pro tunc*, it indicated that it did not oppose an evidentiary hearing to determine whether he was entitled to the reinstatement of his direct appeal rights only. *See* Commonwealth's Motion to Dismiss at 5-6.

On October 25, 2019, a hearing was held on Appellant's PCRA petition at which time Appellant testified that he had requested both personally and through a family member that counsel file an appeal for an "[a]djustment of sentence." Appellant said when he asked counsel to file such documents in the courtroom immediately following the sentencing hearing, counsel replied "OK." N.T., 10/25/19, at 7-11. Trial counsel testified he could not remember whether he had been asked to file a post-sentence motion or a direct appeal, and conceded he could be mistaken about whether Appellant had asked him to do so in the courtroom following sentencing. *Id*. at 17-20.

At the conclusion of the hearing, the PCRA court noted that because Appellant testified under oath he had requested that counsel file a motion for reconsideration of sentence and a direct appeal, and counsel indicated he

could not recall whether Appellant, in fact, did so, the court would reinstate both Appellant's right to file a post-sentence motion and a direct appeal. However, after further reasoning that Appellant had not pled any grounds for the reconsideration of his sentence in the Amended PCRA petition or shown prejudice therein, the PCRA court restored only Appellant's direct appeal rights. Following our review of the record, we find this was in error.

Consistent with **Liston** and **Fransen**, *supra*, Appellant pled in both his *pro se* and counseled, Amended PCRA petition and indicated at the ensuing hearing that he had been deprived of the right to file and litigate post-sentence motions and a notice of appeal as a result of ineffective assistance of counsel. **See Liston, supra**; **Fransen, supra**. Appellant's PCRA petition and testimony made clear he wanted to challenge the validity of his pleas and the discretionary aspects of his sentence, both of which require preservation in post-sentence motions. **See Commonwealth v. Lincoln**, 72 A.3d 606 (Pa.Super. 2013), *appeal denied*, 624 Pa. 688, 87 A.3d 319 (2014) (holding defendant failed to preserve challenge to validity of guilty plea where he did not object during plea colloquy or file post-sentence motion to withdraw plea); **Commonwealth v. Griffin**, 65 A.3d 932 (Pa.Super. 2013), *appeal denied*, 621 Pa. 682, 76 A.3d 538 (2013) (explaining objections to discretionary aspects of sentence are waived if they are not raised at sentencing hearing or in timely filed post-sentence motion). **See also** Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i), (v) (stating post-sentence motion challenging validity of plea of

guilty or *nolo contendere* and/or motion to modify sentence shall be filed no later than 10 days after imposition of sentence).

Consequently, the PCRA court's reasoning to the contrary, restoration of Appellant's direct appeal rights *nunc pro tunc* without restoration of his post-sentence motion rights *nunc pro tunc*, in this case, was essentially an empty gesture. In light of Appellant's stated intent to challenge the validity of his plea and the discretionary aspects of sentencing, the PCRA court should have restored Appellant's post-sentencing rights as well. ***See Liston, supra***; ***Fransen, supra***. ***See also Commonwealth v. Rivera***, 154 A.3d 370 (Pa.Super. 2017) (*en banc*), *appeal denied*, 642 Pa. 121, 169 A.3d 1072 (2017) (affirming PCRA court's reinstatement of appellant's post-sentence motion and direct appeal rights *nunc pro tunc* based on counsel's ineffectiveness for failing to consult with appellant about whether he wanted to file direct appeal; PCRA court properly restored Appellant's post-sentencing rights *nunc pro tunc* because one issue appellant wanted to raise, regarding withdrawal of his guilty plea, required preservation in trial court).

Accordingly, we remand the matter to the trial court to reinstate Appellant's post-sentence **and** direct appeal rights *nunc pro tunc* to provide Appellant with an opportunity to litigate in post-sentence motions those issues requiring preservation in the trial court. Given our disposition, we deny counsel's petition to withdraw.

Case remanded with instructions. Counsel's petition to withdraw denied.

Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/3/20</u>